IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| CHRIST THE KING MANOR, INC., *et al.*, | : | 1:09-cv-2007 |
|---|---|---|
| Plaintiffs, | : | |
| v. | : | |
| KATHLEEN SEBELIUS, *et. al.*, | : | Hon. John E. Jones III |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**February 7, 2011**

Pending before the Court is Plaintiffs' Motion to Strike Federal Defendant's Declaration of Keith T. Leuschner ("Leuschner Declaration") and Their Related Motion for Summary Judgment Supporting Brief. (Doc. 59). For the following reasons, we shall deny the motion.

**I.    PROCEDURAL HISTORY and FACTUAL BACKGROUND**

Plaintiffs[1] initiated the instant action by filing a complaint[2] on October 15, 2009. (*See* Doc. 1). Secretary Dichter filed the State motion to dismiss on December 12, 2009, (Doc. 10), and the Federal Defendants filed the Federal motion to dismiss on January 15, 2010. (Doc. 23). We issued a Memorandum and Order on the motions to dismiss on June 29, 2010 denying the Federal motion to dismiss in its entirety, and granting in part and denying in part the State motion to dismiss. (Doc. 36).

On August 2, 2010 the State Defendant filed an Answer, (Doc. 42), and on August 3, 2010 the Federal Defendants filed an Answer, (Doc. 43), as well as the Administrative Record. (Doc. 44). Pursuant to our scheduling order dated August 12, 2010, each party submitted motions for summary judgment on October 1, 2010. (Doc. 46). The Federal Defendants' motion for summary judgment and supporting brief included the Leuschner Declaration as an exhibit. (Docs. 51, 52). The Leuschner Declaration is the subject of Plaintiffs' instant motion to strike and

---

[1] Plaintiffs are numerous nursing-facility providers in the Commonwealth of Pennsylvania. (*See* Doc. ¶ 4).

[2] Charlene Frizzera, former Administrator of the Center for Medicare and Medicaid Services ("CMS") has been replaced as a defendant in this action by Dr. Berwick. (*See* Doc. 62 n.1). Kathleen Sebelius ("Secretary Sebelius") is sued in her capacity as the Secretary of the U.S. Department of Health and Human Services. (*See* Doc. 1 ¶ 5). Charlene Frizzera ("Ms. Frizzera") is sued in her official capacity as Acting Administrator of the Center for Medicare and Medicaid Services ("CMS"). (*See id.* ¶ 6). Hereinafter, we shall refer to these individuals collectively as "the Federal Defendants."

supporting brief filed on October 25, 2010. (Docs. 59, 60). On October 27, 2010, we granted an extension in the August 12, 2010 scheduling order to afford the Court an opportunity to rule on the motion to strike and instructed the parties to file a proposed briefing schedule for the cross motions for summary judgment within five (5) days of the date of our order ruling on the motion to strike. (Doc. 61). On November 8, 2010, Defendants filed a brief in opposition, (Doc. 62), and on November 16, 2010, Plaintiffs' filed a reply brief in further support of their motion to strike. (Doc. 63). Therefore, the motion has been fully briefed and is ripe for disposition.

## II. DISCUSSION

Plaintiffs contend that on December 22, 2009, the parties submitted a Joint Case Management Plan wherein the State Defendant was given time to supplement the Administrative Record, but the Federal Defendants were not. (*See* Doc. 16). Despite the case management plan, Plaintiffs note, the Federal Defendants unilaterally supplemented the Administrative Record by filing the Leuschner Declaration as Exhibit A to their brief in support of summary judgment. (Doc. 60 at 2). Plaintiffs claim that the reviewing court, not the Federal Defendants, should determine wether supplementation of the Administrative Record is needed. (Doc. 60 at 3 (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402

3

(1971) ("The Court may require administrative officials who participated in the decision to give testimony explaining their action.")))

Furthermore, Plaintiffs maintain that when a party supplements the Administrative Record without permission from the court, the court may order the motion or brief stricken and replaced with an amended submission without the supplementation. (*Id*. at 3 (citing *Yale-New Haven Hosp., Inc. v. Leavitt*, 470 F.3d 71, 81 (2nd Cir. 2006))). Therefore, Plaintiffs claim, because the parties previously agreed that any supplementation of the Administrative Record would come from the State Defendant, in which case Plaintiffs would have the right to seek discovery, the Federal Defendants addition of the Leuschner Declaration to their motion for summary judgment should be stricken. (Doc. 60 at 4).

On the other hand, Defendants claim that the Leuschner Declaration "explains an arcane document located in the administrative record that was integral to the agency decision under review." (Doc. 62 at 2). They note that within the Administrative Record there is an untitled spreadsheet detailing monetary calculations relating to the proposed State Plan Amendments ("SPA") that is not explained anywhere within the record. (*Id*. at 3). Defendants explain that Mr. Leuschner was the CMS regional officer with primary responsibility to review the SPAs, and his declaration only seeks to clarify the otherwise vague

4

spreadsheet within the Administrative Record. (*See id*.). Moreover, contrary to Plaintiffs' claims, Defendants contend that the Leuschner Declaration does not present new evidence or justifications for the Secretary's decision, but rather "merely illuminates reasons for the agency's decision obscured but implicit in the administrative record." (*Id*. at 3 (citing *Clifford v. Pena*, 77 F.3d 1414, 1418 (D.C. Cir. 1996))).

Furthermore, Defendants note that a court does not review an agency's decision *de novo*, but evaluates whether the agency's reasoning was sound based on the whole record developed during the agency's decision-making process. (Doc. 62 at 5 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985))). They also recognize that while new facts or post-hoc rationalizations are inappropriate to consider, *see SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943), agencies can offer background information in declarations or affidavits to clarify subject matter in the record. (Doc. 62 at 6 (citing *Yale-New Haven Hosp.*, 470 F.3d at 82)). Defendants cite the Second Circuit's decision in *Yale-New Haven Hospital* for the proposition that an agency may provide explanations regarding evidence in the administrative record "if the proffered evidence illuminates the original record and does not advance new rationalizations for the agency's action." 470 F.3d at 82.

Defendants also suggest that the Federal Defendants' ability to clarify the record has been accepted by the Third Circuit in analogous cases. Specifically, they claim that in *Greene/Guilford Environmental Association v. Wykle* the Third Circuit recognized the Supreme Court's holding that "extra-record evidence can facilitate judicial review by providing added explanation of the reasons for decision." 94 Fed. Appx. 876, 878-79 (3d Cir. 2004); *see also Armstead v. U.S. Dep't of Housing and Urban Dev.*, 815 F.2d 278, 281 (3d Cir. 1987) (noting that the court appropriately considered supporting affidavits that illustrated how the agency's decision was reached and that such affidavits aid in judicial review because they demonstrate what information was available to agency decision-makers at the time of their decisions). They also claim that courts have found supplemental information especially helpful when it clarifies highly technical or otherwise unclear subject matter. (Doc. 62 at 7 (citing *Gentile v. Nat'l Oceanographic and Atmospheric Admin.*, No. 87-2192, 1987 WL 18398, at *1-2 (E.D. Pa. Oct. 9, 1987))). We agree with Defendants.

As Defendants note, the Leuschner Declaration merely clarifies information included in the original Administrative Record. (*See* Doc. 62 at 7). The declaration describes the spreadsheet and seeks to illuminate the figures contained therein as well as their relationship to one another. (*Id*.). Furthermore,

Defendants aptly note that the spreadsheet lacks a title, descriptive labels or headings, and any kind of meaningful explanation of the figures included on the spreadsheet. (*Id*. at 8). The Leuschner Declaration explains that the spreadsheet became part of the Administrative Record when Mr. Leuschner received it from Pennsylvania's Department of Public Welfare ("DPW") in response to his question regarding "whether the numbers in Box 7 meant that nonpublic nursing facilities would be paid less pursuant to SPA 08-007 than if the state continued using the existing payment methodology." (Doc. 52, Ex. A). The declaration also explains the significance of the spreadsheet in light of the disputed amendment at issue in this case. Moreover, as Defendants suggest, the remaining portions of the Leuschner Declaration not specifically addressing the spreadsheet serve to contextualize Mr. Leuschner's duties as a CMS official as well as the Budget Adjustment Factor's effect on Medicaid services since the inception of DPW's adjustment of rates in 2005. (Doc. 62 at 9; *see* Doc. 52, Ex. A ¶¶ 1-8).

In addition, we find Plaintiffs' argument that the Leuschner Declaration should be stricken because the Federal Defendants did not seek permission from the Court to file the declaration to be unavailing. (*See* Doc. 63 at 3). Also, Plaintiffs' assertion that the Leuschner Declaration contains facts not included within the Administrative Record does not change our opinion because any

allegedly new facts are merely explanatory and serve to clarify the process surrounding approval of the SPAs. Therefore, the information contained within the Leuschner Declaration is consistent with the theory advanced by the Federal Defendants throughout this case. Furthermore, it will aid the Court in understanding the significance of the SPA approval process and thus assist us in resolving the pending cross motions for summary judgment.

Consequently, we find that the Federal Defendants have not sought to introduce new evidence or a different theory regarding the agency's approval of the SPA. Therefore, we will deny Plaintiffs' motion to strike the Leuschner Declaration.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion to Strike Federal Defendants' Declaration of Keith T. Leuschner and Their Related Motion for Summary Judgment Supporting Brief (Doc. 59) is **DENIED**.

2. Within five (5) days of the date of this order, the parties shall submit a proposed briefing schedule to establish deadlines for the filing of their respective briefs in opposition and reply briefs to the cross motions for summary judgment.

s/ John E. Jones III
John E. Jones III
United Stated District Judge